JOURNAL ENTRY AND OPINION
Defendant Charlotte Babb appeals from her conviction for felonious assault with a firearm specification. For the reasons set forth below, we affirm.
On August 4, 1998, defendant was indicted for four counts of felonious assault with one, three and five year firearm specifications in connection with a shooting which occurred in front of the residence of Sherniqua Roberson. Defendant plead not guilty. The state dismissed one of the counts and the matter proceeded to a jury trial on October 28, 1999.
The state's evidence demonstrated that on June 18, 1998, Cleveland Police Officer John Freehoffer responded to a report of shots fired at 3419 East 110th Street. He observed a bullet hole in the headlight of a vehicle that had been parked in the driveway. He did not find any spent bullets or shell casings at the scene but he stated that if a revolver were used, the casings would remain in the barrel. Officer Freehoffer discussed the incident with witnesses at the scene then went to defendant's residence.
Officer Freehoffer further testified that defendant denied leaving her home that evening and gave the police permission to conduct a search. The officers eventually found seven rounds of live .32 ammunition. He stated that this type of ammunition could be used in a revolver. The police towed defendant's vehicle.
On cross-examination, Officer Freehoffer admitted that he did not conduct any tests to determine whether defendant had fired a weapon. He also admitted that he did not take the headlight apart to determine whether the damage had actually come from a bullet.
Sherniqua Roberson testified that shortly before the shooting, she and some of her friends and relatives were painting the residence. Terry Coleman, defendant's former boyfriend, was also present. Someone called asking for Renee then called back threatening Sherniqua. The group reported the threat to the police.
Sherniqua Roberson further testified that a short time later, defendant drove to the residence, and asked for Terry. Sherniqua testified that another adult was seated in the front of defendant's car and defendant's two children were in the back seat. According to Sherniqua, defendant then aimed, and fired two or three shots from a black weapon out of the window of her car. The group called the police again. Defendant returned a second time and fired an additional one or two shots. Sherniqua's uncle, Desi Johnson, obtained a weapon and defendant then fled.
Sherniqua also testified that, prior to trial, defendant's family and Sherniqua's family discussed settling the matter. During one of the pretrials of this matter, defendant apologized for the shooting. Defendant ultimately failed to get the light of the vehicle fixed so Sherniqua's family refused to settle the matter.
Fatima Redd testified that a woman calling herself Renee telephoned asking for Sherniqua. The woman called a second time threatening to spray that bitch. Defendant then drove to the house a short time later with her children and another passenger in the car. Defendant asked for Terry then started shooting. Fatima stated that she did not think that defendant was aiming; she was just shooting. She returned but left after Desi came out with a gun.
On cross-examination, Fatima stated that defendant appeared to be firing warning shots.
Brandy Anderson testified that the telephone rang while the group was painting the house. A short time later, defendant drove to the house and fired shots. Anderson testified that one bullet whizzed past her and another went the other way. She believed that she was being shot at. The group fled into the house after the shooting started.
Tonia Roberson testified that she heard shots and saw defendant when she approached shooting the second time.
Theodore Garrett testified that shots were fired and that one shot struck the headlight of a vehicle parked in the driveway. Oldin Roberts testified that the vehicle was undamaged prior to this incident.
Desi Johnson testified that two weeks prior to this incident, defendant arrived at the residence to confront Sherniqua about her relationship with Terry. On the evening of June 18, 1998, he learned that defendant had threatened Sherniqua so he got his gun. A short time later, he heard a shot and observed defendant in her car. According to Johnson, defendant fired shots, returned and fired additional shots.
Defendant was subsequently convicted of one count of felonious assault and the five year firearm specification. The trial court sentenced her to two years on the charge and five years on the specification. Defendant now appeals and assigns two errors for our review.
Defendant's first assignment of error states:
 THE TRIAL COURT ERRED IN PERMITTING THE INTRODUCTION OF IRRELEVANT AND PREJUDICIAL EVIDENCE OVER OBJECTION OF COUNSEL.
Within this assignment of error, defendant asserts that the trial court erred in admitting into evidence the .38 caliber bullets found at her home since no weapon was found and the state failed to establish the caliber of the weapon used during the shooting.
Under Evid.R. 401, relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. Evid.R. 403(A). A trial court enjoys broad discretion in admitting evidence; a reviewing court will not reject an exercise of discretion unless it clearly has been abused and the criminal defendant thereby has suffered material prejudice. State v. Long (1978),53 Ohio St.2d 91, syllabus.
In this instance, the evidence was probative of the issue of defendant's guilt or innocence as the state established that a revolver may have been used and these bullets could be used in a revolver. The evidence was not unfairly prejudicial. We find no abuse of discretion. Accord State v. Soke (1995), 105 Ohio App.3d 226, 251.
This assignment of error is without merit.
Defendant's second assignment of error states:
 THE TRIAL COURT ERRED IN ITS CHARGE TO THE JURY ON CIRCUMSTANTIAL EVIDENCE TO THE PREJUDICE OF DEFENDANT-APPELLANT.
Defendant next asserts that the trial court's instruction on circumstantial evidence was erroneous because it did not preclude the jury from stacking inferences.
In State v. Palmer (1997), 80 Ohio St.3d 543, 561, the Supreme Court considered the following instruction regarding circumstantial evidence:
 Circumstantial evidence is proof of facts or circumstances by direct evidence from which you may reasonably infer other related or connected facts which naturally and logically follow according to the common experience of mankind.
 "To infer or to make an inference is to reach a reasonable conclusion of fact which you may make but are not required to make from other facts which you find have been established by direct evidence." The Court rejected the claim that this instruction improperly
allowed the jury to draw one inference from another to reach an ultimate determination of fact. The Court stated:
 [T]he trial court's instruction on inferences did not permit the jury to make an inference based solely or entirely upon another inference. In fact, the instruction did not even go as far as it could have gone in permitting the jury to consider "parallel inferences." The trial court specifically instructed the jury that inferences could be made only from facts the jury found to have been established by direct evidence.
 Thus, the instruction was somewhat narrow on the subject of inferences, which might explain why defense counsel raised no objection on the record concerning the instruction. In any event, we are not persuaded by appellant's suggestions that the jury might have based one unsubstantiated inference upon another to reach a conclusion on appellant's specific intent to kill.
 Appellant's theory in this regard is not supported by the language of the trial court's instruction to the jury.
In this instance, the instruction at issue is identical to the instruction approved in State v. Palmer, supra. Accordingly, this assignment of error is without merit.
Affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J., AND COLLEEN C. COONEY, J., CONCUR.